U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 2 3 2021

TONY R. MOORE, CLERK
BY _____ DEPUTY

5:21-cv-1896

# ELLIS RAY HICKS, JR.

# VS.

# SHERIFF SAM DOWIES, ET AL

\* \*

# IN THE U.S. FEDERAL COURT WESTERN DISTRICT OF SHREVEPORT, LOUISIANA

\*

\*

# A 1983 CIVIL RIGHT COMPLAINT ( Possibly evolving into a Class Action)

## TO THE HONORABLE FEDERAL COURT:

Now comes, ELLIS RAY HICKS, JR., the "pro se" Petitioner in the above entitled cause, humbly and respectfully prays for the relief as contained herein and shall show the following civil rights violations:

2



\*

\*

# A CIVIL RIGHTS LAWSUIT IN COMPLIANCE TO 42 U.S.C. ~1983

\*

\*

CASE # _____

\*

\*

## ELLIS RAY HICKS, JR., ET AL

## VS.

## SHERIFF SAM DOWIES, ET AL

\*

\*

## (EVOLVING INTO A CLASS ACTION)

1

# I.

## NEED FOR EMERGENCY PRELIMINARY INJUNCTION & RESTRAINING ORDER

*The Petitioner has submitted the necessary and needed criteria for an Emergency Injunction (see Petition enclosed and attached ), and shall reiterate the specifics and dynamics which go to the root and core of the Civil Rights Violation(s).*

*The newly elected Sheriff , Mr. Sam Dowies , has retaliated against the Petitioner , Mr. Bradley Swint , and others for exercising their right to seek redress from the Courts , among other Civil Rights violations such as but not limited to harassment of the people by Sheriff Sam Dowies and his Deputy Sheriffs.*

*The specific need of the Petitioner for the Preliminary Injunction and Restraining order is in compliance to:*

# Rule 65. Injunctions and Restraining Orders

(a) Preliminary Injunction.

(1) *Notice.* The court may issue a preliminary injunction only on notice to the adverse party.

3

(2) *Consolidating the Hearing with the Trial on the Merits.* Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

(b) Temporary Restraining Order.

(1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

(2) *Contents; Expiration.* Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

(3) *Expediting the Preliminary-Injunction Hearing.* If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.

(4) *Motion to Dissolve.* On 2 days' notice to the party who obtained the order without notice—or on shorter notice set by the court—the adverse party may appear and move to dissolve or modify the order. The court must then hear and decide the motion as promptly as justice requires.

(c) Security. The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

(d) Contents and Scope of Every Injunction and Restraining Order.

(1) *Contents.* Every order granting an injunction and every restraining order must:

(A) state the reasons why it issued;

(B) state its terms specifically; and

(C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.

(2) *Persons Bound.* The order binds only the following who receive actual notice of it by personal service or otherwise:

(A) the parties;

(B) the parties' officers, agents, servants, employees, and attorneys; and

(C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

(e) Other Laws Not Modified. These rules do not modify the following:

(1) any federal statute relating to temporary restraining orders or preliminary injunctions in actions affecting employer and employee;
(2) 28 U.S.C. §2361, which relates to preliminary injunctions in actions of interpleader or in the nature of interpleader; or
(3) 28 U.S.C. §2284, which relates to actions that must be heard and decided by a three-judge district court.

*The issue and subject of this Federal Rule, the portion that Petitioner is in good faith asserting is in regard to :*

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.

*This is in the form of an Affidavit and the original Petition for Preliminary Injunction (see enclosed and attached hereinafter). These satisfy the Federal rule, the need for Emergency Protective Order has been met, and criteria exceeded.*

## II.
## SPECIFIC NEED FOR SUBPOENA DUCES TECUM

*Attached and enclosed is the Petition for Subpoena Duces Tecum that is vitally needed and necessary to show and prove the specific threat that was made against the Petitioner on said date. This issue is easily shown by recorded conversations between the Petitioner and Mr. Bradley Swint (a pre-trial inmate at C.P.D.C.) who has critical health conditions, and is the Petitioner's adopted son.*

*The format that these conversations are housed are on either a disk or hard drive and can be easily erased by the Administrators and or altered (if not done so already). Thus, the need for expedited access to these recorded records and/or copy thereof.*

## III.

## NON- COMPLIANCE WITH THE FREEDOM OF INFORMATION ACT

The Petitioner has submitted a good-faith freedom of information act to the sheriff's office that has not been complied with in the time frame as allowed per U.S. Code, (see enclosed and attached f.o.i.a. request) ; this action will be in a separate Civil Rights Violation Lawsuit . Yet shows the flagrant, "hush hush", and cover-ups/white wash that the Sheriff's office employs upon its Citizenry, as if they are "ABOVE THE LAW".

## IV.

## JURISDICTION & VENUE

The Plaintiff , the Plaintiff , and the Civil Rights Violation(s), all reside and occurred in the Parish of Claiborne. Thus, this is the proper and correct jurisdiction and venue for this action in the U.S. Federal Court in the Western District of Shreveport , La.

## V.

## IN FORMA PAUPERIS

The Plaintiff brings forth this Action and Prays for relief under 42 U.S.C.~1915 . See attached and enclosed Pauper's affidavit , and needed and necessary Federal

Court form. Therefore, Praying for relief in the action to proceed ,"IN FORMA PAUPERIS ".

## **PRAYER**

Wherefore, the humble and sincere Petitioner will not waste this Esteemed and Honorable Courts time with endless citations , as he is a neophyte of the laws, processes, and procedures, and begs the Honorable Court to forgive any "PRO SE" unintentional errors. That this action proceeds with the requested relief.

Respectfully submitted,

*[signature]*

Ellis Ray Hicks, Jr.
Email address : hicksellis0@gmail.com
Phone # (318) 570-9854
Physical address (that I do not want disclosed).
126 Pierce ln. , Haynesville , La. 71038.