## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| **ELLIS RAY HICKS** | **CIVIL ACTION NO. 5:21-CV-01896** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **SHERIFF SAM DOWIES** | **MAGISTRATE JUDGE HORNSBY** |

## ANSWER TO COMPLAINT

NOW INTO COURT, through undersigned counsel, comes defendant, Sheriff Sam Dowies, who, in response to the Complaint filed by plaintiff, denies each and every paragraph unless specifically admitted herein, and further shows:

### I. FIRST DEFENSE

The Complaint fails to state a claim against defendant upon which relief can be granted.

### II. SECOND DEFENSE

This Court is without jurisdiction over the claims asserted by plaintiff in that the Complaint fails to state a proper claim for relief against defendant under the Constitution of the United States, or pursuant to 42 U.S.C. § 1983.

### III. THIRD DEFENSE

Defendant denies conducting himself in any form or manner which was a violation of Ellis Ray Hicks' civil rights; defendant denies ever having subjected plaintiff or having caused plaintiff to be subjected to a deprivation or violation of any constitutional or protected right, privilege, immunity, or law; defendant specifically denies any indebtedness unto plaintiff for any damages, be they actual, compensatory, or punitive in any form or fashion.

### IV. FOURTH DEFENSE

At all times pertinent hereto, defendant conducted himself lawfully, reasonably, and within the powers and rights of his office.

### V. FIFTH DEFENSE

Defendant is entitled to Qualified Immunity. Defendant was objectively reasonable and did not violate any clearly established law of which defendant knew or should have known. A reasonable officer could have believed defendant's conduct to be lawful.

### VI. SIXTH DEFENSE

Defendant denies any allegations, claims, contentions, and conclusions set forth by plaintiff, except as expressly hereinafter admitted, and to the individual paragraphs of the Complaint(s) which were served on Defendant [Record Documents 1 and 9], defendant responds:

1.

In response to paragraph "I" of the "Emergency & Urgent Petition for Injunction" [Record Document 1]: It is admitted that plaintiff has named Claiborne Parish Sheriff Sam Dowies as a defendant herein. Otherwise, the allegations of said paragraph are denied.

2.

In response to the unnumbered paragraphs of the "Emergency & Urgent Petition for Injunction" [Record Document 1]: These allegations appear to state legal conclusions, and as such no response is required. To the extent any response is required, the allegations are denied.

3.

In response to paragraph "I" of the "Emergency & Urgent Petition for Injunction" [Record Document 9]: It is admitted that plaintiff has named Claiborne Parish Sheriff Sam Dowies as a defendant herein. Otherwise, the allegations of said paragraph are denied.

4.

In response to the unnumbered paragraphs of the "Emergency & Urgent Petition for Injunction" [Record Document 9]: These allegations appear to state legal conclusions, and as such no response is required. To the extent any response is required, the allegations are denied.

5.

To the extent any other documents filed by Plaintiff in this matter (including, but not limited to, Record Document 32) contain allegations of fact against Sheriff Sam Dowies, such allegations are denied.

AND NOW, FURTHER ANSWERING, DEFENDANT SHOWS:

6.

If the Court should find the incident in question to have occurred and that it resulted from some fault on the part of defendant herein, defendant shows that the fault of Ellis Ray Hicks and/or fault attributable to him contributed to occurrence of the alleged incident; accordingly, plaintiff's recovery, if any, should be precluded or reduced in proportion to the degree of fault attributable to plaintiff in accordance with law.

7.

Further, any injury or damages to plaintiff were the result of actions, conduct, negligence,

and/or fault of parties, third parties, or persons other than defendant over whom defendant had no authority nor control and for whom defendant had no responsibility, and therefore, plaintiff's recovery, if any, should be precluded or reduced accordingly.

8.

In the event discovery and/or trial shows that plaintiff failed to mitigate his damages, defendant affirmatively pleads plaintiff's failure to mitigate in bar to recovery of some or all damages claimed.

9.

Plaintiff is not entitled to legal interest or punitive or exemplary damages.

10.

Defendant is entitled to qualified and good faith immunity. All action or inaction herein was done in good faith, without malice, and under laws believed to be constitutional. Under the circumstances, defendant's conduct was reasonable, justified, and legally permissible.

11.

Defendant pleads all limitations of liability, interest, and costs as recognized by law and as set forth in Louisiana Statutes, including but not limited to La. R.S. 9:2798.1 and 13:5101 *et seq*.

12.

Defendant requests attorney fees pursuant to 42 U.S.C. §1988.

13.

Defendant requests a trial by jury.

WHEREFORE, DEFENDANT, SHERIFF SAM DOWIES, PRAYS that the above and foregoing answer be deemed sufficient and after all due proceedings are had, there be judgment in favor of defendant and against plaintiff rejecting plaintiff's demands with prejudice at plaintiff's sole cost.

    COOK, YANCEY, KING & GALLOWAY
    A Professional Law Corporation

    By: /s/ James Ashby Davis
        James R. Sterritt, #18447
        James Ashby Davis, #37653
    333 Texas Street, Suite 1800
    P. O. Box 22260
    Shreveport, LA  71120-2260
    Telephone: (318) 221-6277
    Telecopier: (318) 227-7850
    james.sterritt@cookyancey.com
    ashby.davis@cookyancey.com
    ATTORNEYS FOR DEFENDANT, SHERIFF SAM DOWIES

## CERTIFICATE

I hereby certify that a copy of the foregoing Answer was filed electronically with the Clerk of Court using the CM/ECF system, with notice being sent by operation of the court's electronic filing system. A copy of the foregoing Answer will also be mailed to plaintiff Ellis Ray Hicks tomorrow, February 22, 2022, at 110 Pratt Road, Hot Springs, AR 71901, via regular US Mail.

Shreveport, Louisiana, this 21st day of February, 2022.

    /s/ James Ashby Davis
    OF COUNSEL