# UNITED STATES DISTRICT COURT WESTERN DISTRICT LOUISIANA DIVISION

Civil Action No. 5:21-cv-01896-EEF-MLK

**RECEIVED**

FEB 23 2022

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA

## ELLIS RAY HICKS, JR.
## VS.
## SHERIFF SAM DOWIES

Judge Magistrate: HORNSBY
Judge : FOOTE
Defendant: SHERIFF SAM DOWIES

---

MOTION ~~~~~~~~ NSEL UNDER
SECTION ~~~~~~~~ ACT OF 1964
PAR ~~~~~~~~ UNSEL



Denied on the showing made.
Feb. 25, 2022

---

Declaring that ~~~~~~~~ low is true and
correct, I apply ~~~~~~~~ an attorney.

A. Have you ta ~~~~~~~~ andling your
claim? Yes No If "Yes," give the following information about
each attorney with whom you talked:  Yes I have. William Most
and Casey Denson.

Attorney: When: How (by telephone, in person, etc.): Why
was this attorney not employed to handle your claim?  Because
I do not have the money to employ him in this effort. I contacted

1

both by email and phone.

Why was this attorney not employed to handle your claim?
Because I do not have the funds to employ them.

B. Explain any other efforts you have made to contact an
attorney to handle your claim: I have contacted several agencies
but do not have the money to employ them.

C. Give any other information which supports your application
for the court to appoint counsel: *This issue is beyond just me , it
is evolving into a class action.*

*I've also had two heart attacks and the pressure is overwhelming
and I have been made to move out of the area due to the Sheriff's
retaliation and stalking.*

D. Name and address of each attorney who has represented
you in the last ten (10) years: Attorney William Most : 201 St
Charles Ave, New Orleans, LA 70170 ; and Attorney Casey
Denson : 4601 Dryades St, New Orleans, LA 70115.

Under penalty of perjury, I declare that the information given
in this motion is true and correct.

Date: 2·19·22

2

_____

(Signature)

110 Pratt st.
 (Street Address or P.O. Box)

Hot Spring, Ar. 71901
(City, State, Zip Code)

501-545-3378
(Area Code) (Telephone Number)

hicksellis0@gmail.com

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

~

**RECEIVED**

FEB 2 3 2022

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA

# ELLIS RAY HICKS , JR
# VS.
# SHERIFF SAM DOWIES

~

# CIVIL ACTION NO.  21-cv-1896
# JUDGE ELIZABETH FOOTE
# MAGISTRATE JUDGE HORNSBY

~

************************

1

# SUPPLEMENT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To the Honorable Court :

Now comes, Ellis Ray Hicks, Jr., the 'pro se' Plaintiff in the above numbered cause, and humbly and sincerely presents the following for your Honorable review :

## I.

## SHERIFF SERVED NOTICE

On 2-1-2022 the U.S. Marshals served Sheriff Sam Dowies. The Plaintiff was notified by Ms. Carmen Nettles in the U.S. Marshal's Office (318-934-4305) .

The address that the Sheriff may send his answers is: 110 Pratt st., Hot Springs, Ar. 71901 hicksellis0@gmail.com

## II.

## FURTHER INJURIES

Since the first filing of this action the Plaintiff suffered multiple heart-attacks due to the Sheriff's actions and retaliations.

There have been multiple threats by the Sheriff Sam Dowies since the Sheriff was made aware that he was being sued by the Plaintiff.

The Community of Claiborne Parish ( We the People) are tired of his trampling upon our Constitutional Rights.

The Plaintiff has applied for a Protection Order to this Honorable Court . Such an issue needs to be addressed. The Plaintiff can produce affidavits from those who have suffered from this Sheriff's civil rights violations if , "WE THE PEOPLE" are protected from such, and a good start would be a Protection Order (Preliminary Injunction) for the Plaintiff.

True, the Plaintiff currently resides in Hot Springs, Ar.. The reasoning for such a move is that I feared for my life and freedom. This Sheriff is extraordinarily retailative and was stalking me. My first heart attack was in Haynesville, La., where my fathers side of the family ( The Hicks ) resides ( between Haynesville, La. and Dodge City Ar. ) this heart attack was due to the

3

Sheriffs driving by my residence at the time, stalking me, and making threats of incarceration ; this Sheriff has made multiple threats to myself and family members.

What qualifies as stalking in Louisiana:

Stalking Statutes in Louisiana: **Willful, malicious, and repeated following or harassing with intent to place in fear of death or bodily injury**. ... In general, stalking is defined as the unwanted pursuit of another person.

## Louisiana Laws

## Revised Statutes

## TITLE 14 - Criminal Law

## RS 14:40.2 - Stalking

**Universal Citation:** LA Rev Stat § 14:40.2

§40.2. Stalking

4

A. Stalking is the intentional and repeated following or harassing of another person that would cause a reasonable person to feel alarmed or to suffer emotional distress. Stalking shall include but not be limited to the intentional and repeated uninvited presence of the perpetrator at another person's home, workplace, school, or any place which would cause a reasonable person to be alarmed, or to suffer emotional distress as a result of verbal or behaviorally implied threats of death, bodily injury, sexual assault, kidnaping, or any other statutory criminal act to himself or any member of his family or any person with whom he is acquainted. B.(1)(a) Notwithstanding any law to the contrary, on first conviction, whoever commits the crime of stalking shall be fined not less than five hundred dollars nor more than one thousand dollars and shall be imprisoned for not less than thirty days nor more than one year. Notwithstanding any other sentencing provisions, any person convicted of stalking shall undergo a psychiatric evaluation. Imposition of the sentence shall not be suspended unless the offender is placed on probation and participates in a

court-approved counseling which could include but shall not be limited to anger management, abusive behavior intervention groups, or any other type of counseling deemed appropriate by the courts. (b) Whoever commits the crime of stalking against a victim under the age of eighteen when the provisions of Paragraph (6) of this Subsection are not applicable shall be imprisoned for not more than three years, with or without hard labor, and fined not more than two thousand dollars, or both.                    (2)(a) Any person who commits the offense of stalking and who is found by the trier of fact, whether the jury at a jury trial, the judge in a bench trial, or the judge at a sentencing hearing following a jury trial, beyond a reasonable doubt to have placed the victim of the stalking in fear of death or bodily injury by the actual use of or the defendant's having in his possession during the instances which make up the crime of stalking a dangerous weapon or is found beyond a reasonable doubt to have placed the victim in reasonable fear of death or bodily injury, shall be imprisoned for not less than one year nor more than five years, with or without hard labor,

6

without benefit of probation, parole, or suspension of sentence and may be fined one thousand dollars, or both. Whether or not the defendant's use of or his possession of the dangerous weapon is a crime or, if a crime, whether or not he is charged for that offense separately or in addition to the crime of stalking shall have no bearing or relevance as to the enhanced sentence under the provisions of this Paragraph.

(b) If the victim is under the age of eighteen, and when the provisions of Paragraph (6) of this Subsection are not applicable, the offender shall be imprisoned for not less than two years nor more than five years, with or without hard labor, without benefit of probation, parole, or suspension of sentence and may be fined not less than one thousand nor more than two thousand dollars, or both.

(3) Any person who commits the offense of stalking against a person for whose benefit a protective order, a temporary restraining order, or any lawful order prohibiting contact with the victim issued by a judge or magistrate is in effect in either a civil or criminal proceeding, protecting the victim of the stalking from acts by the offender which

otherwise constitute the crime of stalking, shall be punished by imprisonment with or without hard labor for not less than ninety days and not more than two years or fined not more than five thousand dollars, or both. (4) Upon a second conviction occurring within seven years of a prior conviction for stalking, the offender shall be imprisoned with or without hard labor for not less than five years nor more than twenty years, without benefit of probation, parole, or suspension of sentence, and may be fined not more than five thousand dollars, or both. (5) Upon a third or subsequent conviction, the offender shall be imprisoned with or without hard labor for not less than ten years and not more than forty years and may be fined not more than five thousand dollars, or both. (6)(a) Any person thirteen years of age or older who commits the crime of stalking against a child twelve years of age or younger and who is found by the trier of fact, whether the jury at a jury trial, the judge in a bench trial, or the judge at a sentencing hearing following a jury trial, beyond a reasonable doubt to have placed the child in reasonable fear of death or bodily injury, or in reasonable

fear of the death or bodily injury of a family member of the child shall be punished by imprisonment with or without hard labor for not less than one year and not more than three years and fined not less than fifteen hundred dollars and not more than five thousand dollars, or both.

(b) Lack of knowledge of the child's age shall not be a defense.

C. For the purposes of this Section, the following words shall have the following meanings: (1) "Harassing" means the repeated pattern of verbal communications or nonverbal behavior without invitation which includes but is not limited to making telephone calls, transmitting electronic mail, sending messages via a third party, or sending letters or pictures.                    (2) "Pattern of conduct" means a series of acts over a period of time, however short, evidencing an intent to inflict a continuity of emotional distress upon the person. Constitutionally protected activity is not included within the meaning of pattern of conduct.

9

F.(1) Upon motion of the district attorney or on the court's own motion, whenever it is deemed appropriate for the protection of the victim, the court may, in addition to any penalties imposed pursuant to the provisions of this Section, grant a protective order which directs the defendant to refrain from abusing, harassing, interfering with the victim or the employment of the victim, or being physically present within a certain distance of the victim.

(2) Any protective order granted pursuant to the provisions of this Subsection shall be served on the defendant at the time of sentencing.

(3)(a) The court shall order that the protective order be effective either for an indefinite period of time or for a fixed term which shall not exceed eighteen months.

(b) If the court grants the protective order for an indefinite period of time pursuant to Subparagraph (a) of this Paragraph, after a hearing, on the motion of any party and for good cause shown, the court may modify the indefinite effective period of the protective order to be effective for a fixed term, not to exceed eighteen months, or to terminate the effectiveness of the protective order. A motion to modify or terminate the effectiveness of the protective order may be granted only after a good faith effort has been made to provide reasonable notice of the hearing to the victim, the victim's designated agent, or the victim's counsel, and either of the following occur:

(i) The victim, the victim's designated agent, or the victim's counsel is present at the hearing or provides written waiver of such appearance.

(ii) After a good faith effort has been made to provide reasonable notice of the hearing, the victim could not be located.

(4)(a) Immediately upon granting a protective order, the court shall cause to have prepared a Uniform Abuse Prevention Order, as provided in R.S. 46:2136.2, shall sign such order, and shall forward it to the clerk of court for filing, without delay.

(b) The clerk of the issuing court shall send a copy of the Uniform Abuse Prevention Order or any modification thereof to the chief law enforcement official of the parish where the victim resides. A copy of the Uniform Abuse Prevention Order shall be retained on file in the office of the chief law enforcement officer as provided in this Subparagraph until otherwise directed by the court.

(c) The clerk of the issuing court shall transmit the Uniform Abuse Prevention Order, or any modification thereof, to the Louisiana Protective Order Registry pursuant to R.S. 46:2136.2, by facsimile transmission, mail, or direct electronic input, where available, as expeditiously as possible, but no later than the end of the next business day after the order is filed with the clerk of court.

12

G. The provisions of this Section shall not apply to a private investigator licensed pursuant to the provisions of Chapter 56 of Title 37 of the Louisiana Revised Statutes of 1950, acting during the course and scope of his employment and performing his duties relative to the conducting of an investigation.

H. The provisions of this Section shall not apply to an investigator employed by an authorized insurer regulated pursuant to the provisions of Title 22 of the Louisiana Revised Statutes of 1950, acting during the course and scope of his employment and performing his duties relative to the conducting of an insurance investigation.

I. The provisions of this Section shall not apply to an investigator employed by an authorized self-insurance group or entity regulated pursuant to the provisions of Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, acting during the course and scope of his employment and performing his duties relative to the conducting of an insurance investigation.

13

J. A conviction for stalking shall not be subject to expungement as provided for by R.S. 44:9.

Acts 1992, No. 80, §1; Acts 1993, No. 125, §§1, 2; Acts 1994, 3rd Ex. Sess., No. 30, §1; Acts 1995, No. 416, §1; Acts 1995, No. 645, §1; Acts 1997, No. 1231, §1, eff. July 15, 1997; Acts 1999, No. 957, §1; Acts 1999, No. 963, §1; Acts 2001, No. 1141, §1; Acts 2003, No. 1089, §1; Acts 2005, No. 161, §1; Acts 2007, No. 62, §1; Acts 2007, No. 226, §1; Acts 2012, No. 197, §1.

What is harassment under federal law :

Courts have defined harassment as it is commonly understood: **repeated words, conduct, or action that serve no legitimate purpose and are directed at a specific person to annoy, alarm, or distress that person**.

Is intimidation a federal crime :

14

This statute makes it **unlawful for two or more persons to conspire to injure**, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States.

# Federal Civil Rights Statutes

## Title 18, U.S.C., Section 249 - Matthew Shepard and James Byrd, Jr., Hate Crimes Prevention Act
This statute makes it unlawful to willfully cause bodily injury—or attempting to do so with fire, firearm, or other dangerous weapon—when 1) the crime was committed because of the actual or perceived race, color, religion, national origin of any person, or 2) the crime was committed because of the actual or perceived religion, national origin, gender, sexual orientation, gender identity, or disability of any person and the crime affected interstate or foreign commerce or occurred within federal special maritime and territorial jurisdiction.

The law also provides funding and technical assistance to state, local, and tribal jurisdictions to help them to more effectively investigate, prosecute, and prevent hate crimes.  The law provides for a maximum 10–year prison term, unless death (or attempts to kill) results from the offense, or unless the offense includes kidnapping or attempted kidnapping, or aggravated sexual abuse or attempted aggravated sexual abuse. For offenses not resulting in death, there is a seven–year statute of limitations. For offenses resulting in death, there is no statute of limitations.

15

# Title 18, U.S.C., Section 241 - Conspiracy Against Rights

This statute makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States, (or because of his/her having exercised the same). It further makes it unlawful for two or more persons to go in disguise on the highway or on the premises of another with the intent to prevent or hinder his/her free exercise or enjoyment of any rights so secured.       Punishment varies from a fine or imprisonment of up to ten years, or both; and if death results, or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title or imprisoned for any term of years, or for life, or may be sentenced to death.

# Title 18, U.S.C., Section 242 - Deprivation of Rights Under Color of Law

This statute makes it a crime for any person acting under color of law, statute, ordinance, regulation, or custom to willfully deprive or cause to be deprived from any person those rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S.   This law further prohibits a person acting under color of law, statute, ordinance, regulation or custom to willfully subject or cause to be subjected any person to different punishments, pains, or penalties, than those prescribed for punishment of citizens on account of such person being an alien or by reason of his/her color or race. Acts under "color of any law" include acts not only done by federal, state, or local officials within the bounds or limits of their lawful authority, but also acts done without and beyond the bounds of their lawful authority; provided that, in order for unlawful acts of any official to be done under "color of any

16

law," the unlawful acts must be done while such official is purporting or pretending to act in the performance of his/her official duties. This definition includes, in addition to law enforcement officials, individuals such as Mayors, Council persons, Judges, Nursing Home Proprietors, Security Guards, etc., persons who are bound by laws, statutes, ordinances, or customs.

Punishment varies from a fine or imprisonment of up to one year, or both, and if bodily injury results or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire shall be fined or imprisoned up to ten years or both, and if death results, or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

# Title 18, U.S.C., Section 245 - Federally Protected Activities

1) This statute prohibits willful injury, intimidation, or interference, or attempt to do so, by force or threat of force of any person or class of persons because of their activity as:

   a. A voter, or person qualifying to vote...;
   b. a participant in any benefit, service, privilege, program, facility, or activity provided or administered by the United States;
   c. an applicant for federal employment or an employee by the federal government;
   d. a juror or prospective juror in federal court; and

17

e. a participant in any program or activity receiving Federal financial assistance.

2) Prohibits willful injury, intimidation, or interference or attempt to do so, by force or threat of force of any person because of race, color, religion, or national origin and because of his/her activity as:

a. A student or applicant for admission to any public school or public college;

b. a participant in any benefit, service, privilege, program, facility, or activity provided or administered by a state or local government;

c. an applicant for private or state employment, private or state employee; a member or applicant for membership in any labor organization or hiring hall; or an applicant for employment through any employment agency, labor organization or hiring hall;

d. a juror or prospective juror in state court;

e. a traveler or user of any facility of interstate commerce or common carrier; or

f. a patron of any public accommodation, including hotels, motels, restaurants, lunchrooms, bars, gas stations, theaters...or any other establishment which serves the public and which is principally engaged in selling food or beverages for consumption on the premises.    3) Prohibits interference by force or threat of force against any person because he/she is or has been, or in order to intimidate such person or any other person or class of persons from participating or affording others the opportunity or protection to so participate, or lawfully aiding or encouraging other persons to participate in any of the benefits or activities listed in items (1) and (2), above without discrimination as to race, color, religion, or national origin.

Punishment varies from a fine or imprisonment of up to one year, or both, and if bodily injury results or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire shall be fined or imprisoned up to ten years or both, and if death results or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be subject to imprisonment for any term of years or for life or may be sentenced to death.

*The Federal Bureau of Investigation (F.B.I.) should be investigating this Sheriff for his activities of which were brought forth within this legal documentation, his pillage of financial resources of the Claiborne Parish Community, and his Violations of Civil Rights within the Claiborne Parish Detention Center.*

*I applaud the Sheriff's efforts to rid the Community of drugs and other crimes (BUT HE COMMITS THEM), yet he will trample every concrete Civil Rights guaranteed by the Louisiana and U.S. Constitutions to do so. Two wrongs don't create a right !! Combined with the fact that if anyone is perceived as a political threat or otherwise this Sheriff is very zealous and retaliatory, making threats of illegal actions, and stalking those who confront him.*

*Therefore , WE THE PEOPLE, Pray desperately for relief in the form of Federal oversight and PROTECTION.*

## CONCLUSION AND PRAYER

The humble and sincere Plaintiff Prays for a Protection Order set by this Honorable Court , that the Plaintiff may be free to again visit family members and enjoy the freedoms as guaranteed by the United States Constitution..

Sincerely,

**Ellis Ray Hicks, Jr.**

hicksellis0@gmail.com

501-545-3378

110 Pratt st.

Hot Springs, Ar. 71901

## DECLARATION

I, Ellis Ray Hicks, Jr., do hereby swear under the penalty of perjury on this ____ day of

22

_____FEB_____ 2022 , that the foregoing is true

and correct.

Ellis Ray Hicks, Jr.