UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ELLIS RAY HICKS, JR. | CIVIL ACTION NO. 21-1896 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| SAM DOWIES | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court are three motions, all filed by Plaintiff Ellis Hicks, Jr. The first motion is a motion for summary judgment. Record Document 40. The second motion is an appeal of the Magistrate Judge's order, which denied Plaintiff's motion to appoint counsel. Record Document 45. The third motion is a motion for an injunction. Record Document 49. For the reasons below, the Magistrate Judge's order [Record Document 45] is **AFFIRMED**, and the motion for summary judgment and motion for injunction [Record Documents 40 & 49] are **DENIED**.

I. **Background**

Plaintiff, a pro se litigant, claims that he assisted Bradley Swint, an inmate at the Claiborne Parish Detention Center, in filing a civil rights complaint against Defendant Claiborne Parish Sheriff Sam Dowies. According to Plaintiff, Swint contacted him and relayed a communication from Sheriff Dowies.

> Within this conversation with Mr. Swint was a message from the Sheriff which consisted of:
>
> a) A threat that if I did not get out of Louisiana that the Sheriff would put charges on me even if he had to make them up;
>
> b) That I was instructed by the Sheriff to drop and or dismiss the Civil Rights Complain against him forthwith;
>
> c) That I was instructed to not contact certain individuals whom would assist me in my plight.

Record Document 49 at 2. Plaintiff admits that he currently resides in Hot Springs, Arkansas, but he claims he moved because "Sheriffs" stalked him, which caused him to have a heart attack. *Id.* at 7–8.

## II.  Motion for Summary Judgment

Plaintiff filed a motion for summary judgment on February 28, 2022. Record Document 40. Sheriff Dowies filed an opposition. Record Document 42. The sole argument presented by Plaintiff is that Sheriff Dowies did not timely file an answer. However, the record shows that this assertion is incorrect. Sheriff Dowies filed his answer on February 21, 2022, which was one day before his answer was due. *See* Record Documents 35 & 36. Furthermore, a motion for summary judgment is not the proper procedural vehicle by which to assert a defendant failed to answer a complaint. Thus, Plaintiff's motion for summary judgment [Record Document 40] is **DENIED**.

## III.  Appeal of Magistrate Judge's Order

Previously, Plaintiff filed a motion to appoint counsel, which Magistrate Judge Hornsby denied. Record Documents 38 & 39. Now, Plaintiff appeals that decision to this Court. Record Document 45. In the appeal, Plaintiff states that it would be in the interest of justice to appoint him counsel because of his health issues and because Sheriff Dowies hired counsel, which puts Plaintiff at a disadvantage. *Id.* Sheriff Dowies filed an opposition in which he argues that Plaintiff has not shown exceptional circumstances for the appointment of counsel. Record Document 47. In response, Plaintiff asserts that he is experiencing migraine headaches from a gunshot wound to the head after a suicide attempt. Record Document 48.

Under the Federal Magistrate Act, a magistrate judge may issue binding rulings on non-dispositive matters. 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order on a motion to appoint counsel is considered a non-dispositive matter. *See id.*; *Talbert v. Am. Risk Ins. Co.*, 405 F. App'x

848, 851 (5th Cir. 2010). A party that objects to such a ruling may appeal to the district judge who "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Federal law affords the magistrate judge broad discretion in the resolution of non-dispositive matters. *See id.* Under this deferential standard, a magistrate judge's decision must be affirmed unless "on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

After reviewing Plaintiff's motion to appoint counsel, the Magistrate Judge's order, and the arguments on appeal, this Court cannot conclude that the Magistrate Judge's ruling was clearly erroneous or contrary to law. Indeed, "[a] civil rights complainant has no right to the automatic appointment of counsel." *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). A plaintiff must show "exceptional circumstances" for the appointment of counsel. *Id.* A district court "has discretion to appoint counsel if doing so would advance the proper administration of justice." *Id.* at 213. A court looks at multiple factors, including "(1) the type and complexity of the case"; "(2) whether the indigent is capable of adequately presenting his case"; "(3) whether the indigent is in a position to investigate adequately the case"; and "(4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination." *Id.* (citations omitted). Considering the *Ulmer* factors and the broad discretion afforded to the Magistrate Judge in deciding non-dispositive matters, the Court finds that the Magistrate Judge's decision should not be disturbed under the applicable law. Accordingly, the Magistrate Judge's order [Record Document 45] is **AFFIRMED**.

### IV. <u>Motion for Preliminary Injunction</u>

Plaintiff also has filed a motion for a preliminary injunction. Record Document 49. Previously, Plaintiff filed multiple motions for injunctive relief, which this Court denied. Record Documents 1; 3; 8; 12; & 21. In the present motion, Plaintiff advances a similar argument as his prior motions. Plaintiff relies on the hearsay statements allegedly made by Swint regarding Sheriff Dowies's alleged threats and vague allegations that "Sheriffs" stalked him by driving by his family's residence. Record Document 49 at 1–8. Plaintiff contends that Sheriff Dowies's retaliatory conduct caused him to suffer a heart attack and to relocate to Hot Springs, Arkansas. *Id.*

To obtain injunctive relief, Plaintiff must show "(1) a substantial likelihood of success on the merits"; "(2) a substantial threat of irreparable injury if the injunction is not issued"; "(3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted"; and "(4) that the grant of an injunction will not disserve the public interest." *Jones v. Tex. Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018) (per curiam) (citation omitted). The party seeking injunctive relief must meet all four requirements. *Jordan v. Fisher*, 823 F.3d 805, 809 (5th Cir. 2016) (citation omitted). "[A] preliminary injunction is an extraordinary remedy never awarded as of right," and it "does not follow as a matter of course from a plaintiff's showing of a likelihood of success on the merits." *Benisek v. Lamone*, 138 S. Ct. 1942, 1943–44 (2018) (internal quotation marks and citations omitted). The granting of a preliminary injunction "is the exception rather than the rule." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

"[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out." *Hartman v. Moore*, 547 U.S. 250, 256 (2006) (citations omitted). A First Amendment retaliation claim requires

Plaintiff to prove that (1) he was "engaged in constitutionally protected activity"; (2) the sheriff's actions caused him "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) the sheriff's "adverse actions were substantially motivated against [Plaintiff's] exercise of constitutionally protected conduct." *Johnson v. Bowe*, 856 F. App'x 487, 492 (5th Cir. 2021) (quoting *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002)). A threat from an officer to arrest someone in retaliation for protected speech could chill a person of ordinary firmness from engaging in protected activity. *Brown v. Jones Cnty. Junior College*, 463 F. Supp. 3d. 742, 760–61 (S.D. Miss. 2020).

Similar to the Court's prior denial of Plaintiff's motions for injunctive relief, Plaintiff has not satisfied the first prong of the injunction analysis: a substantial likelihood of success on the merits. Plaintiff continues to vaguely assert that he assisted Swint with a civil rights complaint, but he has not clarified his precise role in assisting Swint. Thus, it is unclear the nature of Plaintiff's alleged First Amendment activity. Further, Plaintiff relies on alleged statements from Swint to show that Sheriff Dowies threatened Plaintiff. However, these statements are hearsay and are inadequate to meet his burden. Lastly, Plaintiff alleges that he suffered a heart attack after the "Sheriffs" drove by his residence. Even if this ambiguous statement is interpreted to mean that Sheriff Dowies drove by his residence, this sole allegation is not supported by other evidence, such as medical records. In sum, Plaintiff has failed to meet his burden to obtain an injunction against Sheriff Dowies. Therefore, Plaintiff's motion for a preliminary injunction [Record Document 49] is **DENIED**.

## CONCLUSION

Based on the foregoing reasons, **IT IS ORDERED** that the Magistrate Judge's order [Record Document 45] is **AFFIRMED** and the motion for summary judgment and motion for preliminary injunction [Record Documents 40 & 49] are **DENIED**.

**THUS DONE AND SIGNED** this 18th day of March, 2022.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE