UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ELLIS RAY HICKS JR                              CIVIL ACTION NO. 21-cv-1896

VERSUS                                                          JUDGE ELIZABETH E. FOOTE

SAM DOWIES                                    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Ellis Ray Hicks, Jr. ("Plaintiff"), who is self-represented, is a former prisoner. He alleges that Claiborne Parish Sheriff Sam Dowies has threatened to arrest him for what Plaintiff contends would be false charges. Before the court is Plaintiff's **Motion to Quash Subpoena (Doc. 50)**. For the reasons that follow, the motion is denied.

On June 30, 2021, Plaintiff filed his original petition. It alleged that Sheriff Sam Dowies instructed Plaintiff to dismiss a civil rights complaint against Dowies, threatened to charge Plaintiff if Plaintiff did not "get out of Louisiana," and instructed Plaintiff not to contact certain individuals for help. Plaintiff filed a supplement in support of his complaint (Doc. 32) that alleged Dowies caused Plaintiff to "have a heart attack by circling and driving by my trailor (sic) and stalking me." Plaintiff also filed an Emergency and Urgent Petition for Injunction that stated: "Since the first filing of this action, the Plaintiff suffered multiple heart attacks due to the Sheriff's actions and retaliations." Doc. 49, pp. 7-8. Plaintiff alleged that his first heat attack occurred in Haynesville and was caused by Dowies driving by his residence, stalking him, and making threats of incarceration.

Defendant issued two subpoenas. The first was issued to Claiborne Memorial Medical Center in Claiborne Parish, and the second was issued to Springhill Medical Center in Webster Parish. Doc. 53-1. Defendant represents that these two hospitals are the closest hospitals to the location at which Plaintiff alleges he suffered one of his heart attacks and are the most likely locations at which Plaintiff would have received treatment for the alleged heart attack. Defendant sent copies of the subpoenas to Plaintiff. The subpoenas were served to the hospitals on March 14, 2022. Plaintiff filed the instant motion to quash the two subpoenas, arguing that (1) Defendant has not shown the relevance of the medical records and (2) the subpoenas violate the Health Insurance Portability and Accountability Act of 1996 ("H.I.P.A.A.").

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense … . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Plaintiff has alleged that Defendant's actions caused him to have multiple heart attacks. These allegations in put his medical condition at issue. Defendant is entitled to conduct reasonable discovery, such as seeking medical records, to prepare a defense against Plaintiff's allegations. Plaintiff makes a related argument that the hospital's records are not relevant because he has not been to those hospitals "in years." But Defendant alleges that these hospitals are the closest facilities to the location at which he claims to have suffered at least one of his heart attacks.

Defendants are not required to rely on Plaintiff's word that he has not been treated at the facilities.

Further, because Plaintiff is the party who placed his medical conditions at issue by filing this suit, he cannot maintain privilege under H.I.P.A.A. <u>Roberts v. River City Care Center</u>, 2014 WL 12540478 (W.D. Tex. 2014). If Plaintiff does not wish for Defendant to obtain his medical records, his remedy is to dismiss those allegations. Accordingly, Plaintiff's Motion to Quash Subpoenas (Doc. 50) is denied. However, the court modifies the subpoenas to limit the requests to the last 10 years.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of April, 2022.

_____
Mark L. Hornsby
U.S. Magistrate Judge