UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ELLIS RAY HICKS, JR                      CIVIL ACTION NO. 21-cv-1896

VERSUS                                JUDGE ELIZABETH E. FOOTE

SAM DOWIES                        MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Ellis Ray Hicks, Jr. ("Plaintiff"), who is self-represented, filed this civil action in June 2021. He alleged that on June 24, 2021 he was contacted by Bradley Swint, an inmate at the Claiborne Parish Detention Center, and Mr. Swint passed on a message from Sheriff Sam Dowies that included a threat that Plaintiff get out of Louisiana or be arrested, that Plaintiff drop or dismiss a civil rights complaint, and that Plaintiff not contact certain individuals to assist him in his plight.

The court set a deadline for the completion of discovery, including the filing of any motions to compel, of May 6, 2022. Before that date, Plaintiff made several inartful attempts to discover any recordings of detention center telephone calls between himself and inmate Swint that took place in June 2021. Plaintiff presented the request as a public records request, a request for subpoena, and other procedurally inappropriate methods. A number of motions to compel have been denied due to various procedural shortcomings, and the court has noted that the evidence is likely of limited value because statements by Swint as to what the sheriff allegedly said would likely be hearsay.

Now before the court are two motions to compel (Docs. 66 and 68) that once again attempt to obtain any recordings of the Plaintiff/Swint telephone conversations. Plaintiff also seeks to impose sanctions on defense counsel for what he describes as a conspiracy to cover up the information. In the meantime, Sheriff Dowies has filed a motion for summary judgment in which he denies making any such threats. His motion is supported by declarations from himself and inmate Swint in which they deny making the statements attributed to them by Plaintiff.

Sheriff Dowies opposes the motions to compel on the grounds that they are untimely because they were filed after the May 6, 2022 discovery deadline, the prior discovery requests were not in proper form because they were not signed or the like, the description of the materials sought was vague and nonspecific, and requiring production at this stage of the litigation would prejudice the sheriff by delaying resolution of the case.

The sheriff is correct with respect to the untimeliness of the motions, and his arguments regarding the technical shortcomings of the requests for production have some merit. The undersigned nonetheless determines that the best exercise of the court's discretion in these circumstances is to **grant in part Plaintiff's motions to compel (Docs. 66 and 68) as follows**: The sheriff is ordered to produce to Plaintiff by **July 22, 2022** any recordings in his custody, control, or possession of telephone calls between Bradley Swint and Plaintiff that took place during June 2021. The motions are otherwise denied.

Plaintiff's motions may be untimely, but the request is no surprise to anyone; Plaintiff has kept up a steady stream of requests for this information, that is at the heart of his allegations, since the case began. The material may not exist or may not in the end be

admissible evidence, but Plaintiff's efforts warrant a formal response from the sheriff. Doing so will also serve the interests of finality by making this a non-issue for any appeal.

Discovery responses are not ordinarily filed with the court, but the sheriff is directed to file with the court a copy of his response to this order that includes a certificate of service of the date it was served on Plaintiff. Plaintiff's **deadline to respond to the motion for summary judgment (Doc. 72)** is extended until 14 days after the sheriff files his response. Plaintiff is cautioned that he may file only one memorandum in opposition (with any exhibits) to the motion for summary judgment. Second or subsequent submissions may be stricken and ignored. The sheriff may file a reply memorandum within seven days after the filing of any opposition by Plaintiff.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of July, 2022.

Mark L. Hornsby
U.S. Magistrate Judge