UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ELLIS RAY HICKS, JR. | CIVIL ACTION NO. 21-1896 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| SAM DOWIES | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Now before the Court is a third motion for summary judgment in the above-captioned matter,[1] filed by Defendant Claiborne Parish Sheriff Sam Dowies (hereinafter, "Sheriff Dowies" or "Defendant"). Plaintiff is Ellis Ray Hicks, Jr. (hereinafter, "Hicks" or "Plaintiff"). The motion has been fully briefed. For the reasons below, the motion [Record Document 72] is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

I. **Background**

Plaintiff filed a pro se 42 U.S.C. § 1983 case for alleged violations of his First Amendment rights. In his complaint, Plaintiff claims that Defendant retaliated against him for filing a civil rights lawsuit on behalf of inmate Bradley Swint (hereinafter, "Swint"). Record Document 1 at 1. Specifically, Plaintiff alleges that on June 24, 2021,

> [T]he Petitioner was contacted by Mr. Bradley Swint at the Claiborne Parish Detention Center per phone conversation. Mr. Swint is an inmate there that I have assisted in a Civil Rights complaint against the Sheriff Mr. Sam Dowies . . . . Within this conversation with Mr. Swint was a message from the Sheriff which consisted of:

---

[1] Plaintiff previously filed two motions for summary judgment [Record Documents 40 and 69], which this Court and the Magistrate Judge denied, [Record Documents 51 and 103].

1

    a) [A] threat that if I did not get out of Louisiana that the Sheriff would put charges on me even if he had to make them up[;]
    b) That I was instructed by the Sheriff to drop and or dismiss the Civil Rights Complaint against him forthwith;
    c) That I was instructed to not contact certain individuals whom would assist me in my plight[.]

*Id.* In his opposition,[2] Plaintiff further alleges that Defendant personally threatened him and relayed threats to him through other individuals. Record Document 77 at 5.

Plaintiff claims that Defendant's threats resulted in medical and mental health issues, financial loss, and pain and suffering. *Id.* at 6. Plaintiff petitions the Court for "an Injunction in the greater interest of my Constitutional rights." Record Document 1 at 1. Specifically, Plaintiff contends that he requires protection because he lives "in fear of my freedom and life" and believes that Defendant will illegally detain and arrest him if injunctive relief is not granted. *Id.*

## II.   Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce

---

[2] Plaintiff filed several motions in opposition. *See* Record Documents 77, 82, and 93. However, as the Magistrate Judge cautioned, the Court will only consider the merits of the first filing. *See* Record Document 75 at 3.

evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322-23.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact, the non-movant must demonstrate that there is, in fact, a genuine issue for trial by going "beyond the pleadings and designat[ing] specific facts" for support. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with some metaphysical doubt as to the material facts," by conclusory or unsubstantiated allegations, or by a mere "scintilla of evidence." *Id.* (internal quotation marks and citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1985) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the non-movant is so "weak or tenuous" that it could not support a judgment in the non-movant's favor. *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir. 1993).

Additionally, Local Rule 56.1 requires the movant to file a statement of material facts as to which it "contends there is no genuine issue to be tried." The opposing party must then set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." W.D. La. R. 56.2. All material facts set forth in the movant's statement "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." *Id.*

### III. Law & Analysis

Defendant contends that summary judgment should be granted because: 1) Hicks's First Amendment retaliation claims cannot survive summary judgment; 2) Sheriff Dowies is entitled to qualified immunity; 3) Plaintiff's various other claims fail as a matter of law; and 4) Plaintiff is unable to meet his burden of proof in his request for injunctive relief. *See generally* Record Document 72-6 at 4-16. The Court will address each issue below.

#### a. Section 1983 Claim

Section 1983 provides a federal cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States against any person acting under color of state law. 42 U.S.C. § 1983. This statute does not create substantive rights but provides remedies to the rights established in the United States Constitution and other federal laws. *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To assert a Section 1983 claim, the Petitioner must show "(1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor." *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).

The Court must construe a pro se litigant's argument broadly. *See Brunson v. Nichols*, 875 F.3d 275, 277 (5th Cir. 2017). In his complaint, Plaintiff argues that he was "being retaliated against due to exercising my Constitutional Right to Redress." Record Document 1 at 1. The Court has previously interpreted this to be a First Amendment retaliation claim. *See generally* Record Document 51 at 4. The First Amendment retaliation claim is also the only constitutional right addressed in the motion for summary judgment

4

and Plaintiff's opposition. *See* Record Document 77 at 17. However, Plaintiff does not specify which type of First Amendment activity he purports to be engaging in (freedom of association, freedom of speech, etc.), nor does he allege the type of specific retaliatory activity to which he was subjected (e.g., retaliatory prosecution).

For his First Amendment retaliation claim to succeed, Hicks must prove that "(1) [he] was engaged in constitutionally protected activity; (2) [Sheriff Dowies's] action caused [Hicks] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) [Sheriff Dowies's] adverse actions were substantially motivated against [Hicks's] exercise of constitutionally protected activity." *Batyukova v. Doege*, 994 F.3d 717, 730 (5th Cir. 2021) (citing *Alexander v. City of Round Rock*, 854 F.3d 298, 308 (5th Cir. 2017)). However, "[i]t is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must *cause* the injury. Specifically, it must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, 139 S. Ct. 1715 at 1722 (2019) (citing *Hartman v. Moore*, 547 U.S. 256, 260 (2006)).

Hicks argues that the legal work he completed in Swint's civil rights action is protected by the First Amendment. Defendant contends that Hicks's First Amendment claim fails because "[t]here is no constitutional right to file a lawsuit on behalf of someone else." Record Document 72-6 at 4. Defendant further argues that "Hicks's filing of the Swint lawsuit on behalf of Swint constituted a violation of the rules of this Court, a criminal act under Louisiana law, and a violation of the Rules of the Supreme Court of Louisiana." *Id.* Hicks does not seem to dispute that his work may constitute the illegal practice of law.

5

Instead, he argues that his legal work is necessary given the gravity of Swint's alleged injuries. Record Document 77 at 5-6. The Court will not address the legality of Hicks's legal work; however, the Court agrees that Hicks's representation of Swint is not constitutionally protected under the First Amendment. Other courts have held that one does not have a First Amendment right to legal assistance by an unlicensed layperson. *See Turner v. Am. Bar Ass'n*, 407 F. Supp. 451, 478 (N.D. Tex. Nov. 5, 1975), *aff'd sub nom. Taylor v. Montgomery*, 539 F.2d 715 (7th Cir. 1976), and *aff'd sub nom. Pilla v. Am. Bar Ass'n*, 542 F.2d 56 (8th Cir. 1976) (holding that the First Amendment's right to freedom of association does not confer the right to legal assistance by an unlicensed layperson). It follows that an unlicensed layperson does not have a First Amendment right to provide legal assistance. The retaliation analysis fails because Hicks has suffered no First Amendment violation. Defendant is entitled to summary judgment.

However, even if Hicks did suffer a First Amendment violation, the Court's review of the evidence and legal arguments confirms that he cannot otherwise meet his burden at summary judgment. Defendant presents a declaration made by Swint which refutes Plaintiff's allegations and highlights the absence of evidence for Plaintiff's claims. Swint, under penalty of perjury, declares that not only did Sheriff Dowies "not make the threats that [Hicks] alleges that Sheriff Dowies made," but also "[Sheriff Dowies] did not ask or order me to make the threats that [Hicks] alleges that Sheriff Dowies asked or ordered me to make." Record Document 72-5. In his opposition, Plaintiff simply states that "I am certain Swint did not sign nor make this affidavit on his own accord and he had no other choice," but provides no explanation or articulation as to why he believes Swint's declaration to be

fraudulent or signed under duress. Record Document 77 at 4. Furthermore, Hicks's argument that he is "certain" Swint did not make and sign the declaration on his own accord does not constitute competent summary judgment evidence.

Plaintiff's only substantiation for his claim is a series of recorded phone conversations between himself and Swint which he purports prove that Sheriff Dowies threatened him.[3] *See* Record Document 89. The Court independently reviewed these recordings. The Court finds these calls are wholly irrelevant to Hicks's claim. At no point did Swint ever relay a threatening message from Defendant, nor is there any evidence that Defendant personally threatened Hicks.

Considering the foregoing—the fact that Plaintiff's actions are not protected by the First Amendment, the Swint declaration stating that the alleged threats never occurred, Plaintiff's "evidence" which contains no information relevant to this case—Plaintiff's claim cannot survive summary judgment.

b. *Qualified Immunity*

Sheriff Dowies argues that even if Hicks was able to show that his First Amendment rights were violated, qualified immunity bars the claim from proceeding. The Court will briefly address this issue. Qualified immunity shields government officials from liability for

---

[3] The recordings and related filings were not filed in conjunction with Plaintiff's opposition, but as part of a separate motion filed by Plaintiff titled *Petition to Compel Multiple Legal Remedies: 1) Injunction, 2) Perjury Charges, 3) [a]nd Production of all the Recorded Telephonic Conversations.* Record Document 85. Though not required to do so, the Court independently reviewed Hicks's allegations in this motion because of their relevance to the threats allegedly made by Sheriff Dowies, and because Hicks is a pro se litigant whose filings are interpreted liberally.

claims against them in their individual capacities "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The issue of qualified immunity requires the Court to make a two-part inquiry: (1) whether the facts alleged or shown by the plaintiff demonstrate a violation of a constitutional right, and (2) if a violation has been established, whether the officer's actions were objectively reasonable in light of clearly established law at the time of the alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). A court may begin its analysis of qualified immunity with either prong. *Gibson v. Kilpatrick*, 773 F.3d 661, 666 (5th Cir. 2014).

Since Sheriff Dowies raises qualified immunity in his motion for summary judgment, the burden shifts to Hicks to negate the defense. *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012). To do so, he must establish that "genuine issues of material fact exist regarding the reasonableness of the official's conduct." *King v. Handorf*, 821 F.3d 650, 654 (5th Cir. 2016) (quoting *Gates v. Tex. Dep't of Protective & Regul. Servs.*, 537 F.3d 404, 419 (5th Cir. 2008)). This proof need not be "absolute," but it must consist of more than "mere allegations." *Id.* (quoting *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009)). If officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact. *See Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005) (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986) (holding that qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law")). At its core, "[t]he touchstone of this inquiry is whether a reasonable person would have believed that

[an officer's] conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Goodson v. Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000).

In his opposition, Hicks argues that "[t]he claim and/or issue of qualified immunity that the Defendant[']s Counselors make is preposte[r]ous at best." Record Document 77 at 26. Hicks pastes language from an unidentified ruling that discusses the two-pronged qualified immunity analysis. *See generally id.* at 26-28. He goes on to superficially address the first prong of the analysis, writing "[t]he Plaintiff satisfied the first prong of the qualified immunity inquiry when he alleged the Sheriff[']s alleged actions were objectively unreasonable in light of clearly established law at the time of his misconduct. Were the Sheriff[']s actions objectively unreasonable?" *Id.* at 27-28 (internal citations omitted). This is a legal conclusion the Court is not required to accept. Plaintiff does not address the second prong.

Hicks has failed to negate Sheriff Dowies's qualified immunity defense. Plaintiff's inability to establish the first prong of the analysis—which, at summary judgment, requires Plaintiff to establish genuine questions of fact as to whether the Defendant violated a constitutional right—ends the qualified immunity analysis. The Court does not need to address the second prong. Accordingly, Hicks's claims are barred from proceeding because Sheriff Dowies is protected by qualified immunity.

    c. *Hicks's other claims*

In his opposition and in various other filings, Hicks raises several other claims that were not originally alleged in his complaint. Plaintiff alleges the Sheriff's Department

9

engaged in a miscellany of other illegal activities, including the misappropriation of public funds, illegal takings, and witness tampering. Record Document 77 at 18-20. These issues were not timely raised, nor has the Hicks shown good cause for leave to amend his complaint. The Court will not consider them now.

**IV.    Conclusion**

For the above reasons, Defendant's motion for summary judgment [Record Document 72] is **GRANTED**. Hicks's claims are **DISMISSED WITH PREJUDICE**. A judgment will be issued alongside this ruling.

**THUS DONE AND SIGNED** this 15th day of March, 2023.

_____
**ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE**